IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA     *
                             *
     v.                      *      CR 612-018-20
                             *
LAWRENCE MICHAEL DRAYTON     *
```

## O R D E R

Defendant Lawrence Michael Drayton has filed a motion seeking either home confinement pursuant to 18 U.S.C. § 3624(c)(2) or "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. Upon due consideration, the Court denies Drayton's request for relief.

Drayton's reliance upon 18 U.S.C. § 3624(c)(2) is unavailing because this code section does not vest the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons ("BOP"). E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).)

On the other hand, the compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a District Court to grant release to a defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Drayton has made no showing that he has exhausted his administrative remedies as required prior to seeking relief in the district court. For this reason, the Court must deny Drayton's request.

Moreover, in consideration of Drayton's request for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18

U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

Drayton bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). Here, he has not made any argument let alone showing justifying his release other than a generalized concern about COVID-19, which is too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia,

3

954 F.3d 594, 597 (3d Cir. 2020). Accordingly, Drayton has failed to show that he qualifies under any category of extraordinary and compelling circumstances, and his motion must be denied for this reason as well.

Upon the foregoing, Defendant Lawrence Michael Drayton's motion for compassionate release (doc. 1402) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA