IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-018-20 |
| | * | |
| LAWRENCE MICHAEL DRAYTON | * | |

## O R D E R

Defendant Lawrence Michael Drayton seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Drayton has not presented any specific medical condition to the BOP as a reason he is entitled to compassionate release. Instead, *mid-*

*summer of last year*, Drayton exhausted his administrative remedies regarding *only* the COVID-19 pandemic generally. Drayton must realize that the exhaustion requirement exists because the BOP is better positioned to assess an individual inmate's *present* circumstances than the district court. See United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance" in connection with the COVID-19 pandemic). Upon review of Drayton's exhibits, the Court finds that he has failed to give the BOP an opportunity to assess his claimed medical conditions of hypertension, obesity and high cholesterol against the backdrop of the current COVID-19 circumstances, and the Court must therefore dismiss his motion.

Further, the Court is constrained to note that Drayton refused the COVID-19 vaccination on February 9, 2021. (Gov't Resp. in Opp'n, Doc. 1443, Ex. C at 19, 26.) Declining the opportunity to dramatically reduce his risk of exposure to COVID-19, Defendant has undermined his assertion that he is at increased risk from the virus. As one district court has put it, a defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." See United States v. Lohmeier, 2021 WL 365773, at *2 (N.D. Ill. Feb.

2

3, 2021) (also stating that notwithstanding the defendant's own recalcitrance, the fact that other inmates and staff are being vaccinated lowers his risk exposure).

Upon the foregoing, the Government's motion to dismiss Defendant Lawrence Michael Drayton's motion for compassionate release (doc. 1443) is **GRANTED**. The Clerk is therefore directed to **TERMINATE** the motion for compassionate release (doc. 1437).

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of April, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA